UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID ASHLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO: 2:06-CV-360 PS |
| | ) | |
| LAKE COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiffs David Ashley, Charles Cox and Solomon Haymon allege that Defendant Lake County violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Specifically, Plaintiffs claim that Defendant failed to pay them and similarly situated employees wages for the time spent during "roll call," which generally began 15 minutes before the scheduled start of each shift. Plaintiffs seek to prosecute this matter as a collective action under 29 U.S.C. § 216(b). Before the Court is Plaintiffs' Motion to Certify Collective Action Status [DE 13]. For the following reasons, Plaintiffs' Motion is granted.

## BACKGROUND

Plaintiffs Ashley, Cox and Haymon were all employed by Lake County as Corrections Officers in the Lake County Sheriff's Department. (Ashley Decl. ¶ 1, Pl. Ex. A; Cox Decl. ¶ 1, Pl. Ex. B; Haymon Decl. ¶ 1, Pl. Ex. C.) Both Ashley and Cox began working for Lake County on January 2, 2003, and Haymon began his employment on April 25, 2005. (Ashley Decl. ¶ 2; Cox Decl. ¶ 1; Haymon Decl. ¶ 2.) Cox's last day of employment as a Lake County Corrections Officer was on July 14, 2006. (Cox. Decl. ¶ 2.) Ashley and Haymon are still currently employed by Lake County as Corrections Officers. (Ashley Decl. ¶ 1; Haymon Decl. ¶ 1.)

Defendant Lake County maintains a "roll call" policy. (Lake County Manual at 51, Pl. Ex. D.) Lake County requires all Corrections Officers to report to work 15 minutes prior to the scheduled start of their shifts for "roll call." (*Id.*) Thus, roll calls are held at 6:45 am, 2:45 pm, and 10:45 pm. Roll call consists of: (1) taking attendance; (2) providing specific assignments for the shift; (3) disseminating information on current conditions in areas of responsibility, recent directives and orders of the Sheriff; and (4) visually inspecting personnel and their uniforms and accessories. (*Id.*) Ashley, Cox, and Haymon attended roll call for each of their shifts. (Ashley Decl. ¶ 4; Cox Decl. ¶ 4; Haymon Decl. ¶ 4.)

Plaintiffs filed their complaint on October 30, 2006, claiming that roll call constitutes employment for which they should have received wages from Lake County. (Pls. Compl. ¶ 14.) Defendant, however, did not pay Plaintiffs any wages or any other compensation, including overtime, for the time spent in roll call. (Ashley Decl. ¶¶ 5-6; Cox Decl. ¶¶ 5-6; Haymon Decl. ¶¶ 5-6.) Other Corrections Officers working for Lake County have told Plaintiffs that they also were not paid any wages or any other compensation, including overtime, for the time they spent in roll call. (Ashley Decl. ¶¶ 7-8; Cox Decl. ¶¶ 7-8; Haymon Decl. ¶¶ 7-8.)

On March 14, 2007, Plaintiffs filed a Motion seeking to certify this case as a collective action pursuant to 29 U.S.C. § 216(b). Defendant has failed to respond to the Motion.

## DISCUSSION

Under 29 U.S.C. § 216(b), an employee may bring an action to recover unpaid overtime compensation on "behalf of himself . . . and other employees similarly situated." This is known as a "collective action." *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004). However, no employee may be a party plaintiff to a collective action "unless he gives his

consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

Collective actions under the FLSA are fundamentally different than class actions under Federal Rule of Civil Procedure 23.  Plaintiffs in a collective action must "opt-in" to the action to be bound by a judgment while plaintiffs in a Rule 23 class action must "opt-out."  *See King v. General Electric Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982).  Because of the "opt-in" requirement, a representative plaintiff in a collective action has to be able to inform other individuals who may have similar claims that they may join his lawsuit.  *Austin v. CUNA Mut. Ins. Soc'y*, 232  F.R.D. 601, 605 (W.D. Wis. 2006).

Section 216(b) does not explicitly provide for court-ordered notice.  Nonetheless, the Supreme Court has held that, in appropriate cases, district courts have the discretion to implement § 216(b) by facilitating notice to potential plaintiffs.  *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  Such court-authorized notice serves the broad, remedial purpose of the FLSA and comports with the court's interest in managing its docket.  *Id*. at 172-74.

The FLSA neither defines the term "similarly situated" nor instructs courts when to exercise their discretion and authorize notice to potential plaintiffs.  Nevertheless, a majority of federal courts have adopted a two-step approach.  The first step requires Plaintiffs to make a modest factual showing that they and the other employees to whom notice is to be sent were victims of a common policy or plan that violated the law.  *See, e.g., Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319 (PAC), 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006); *Kreher v.*

3

*City of Atlanta*, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *2 (N.D. Ga. March 20, 2006); *Austin*, 232 F.R.D. at 605; *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005); *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004); *Mielke v. Laidlaw Transit*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004)*; Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

If Plaintiffs make this modest factual showing, then notice and an opportunity to "opt-in" can be sent to those employees who are similarly situated to the named Plaintiffs. *See Cameron-Grant v. Maxim Healthcare Servs. Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003); *Flores*, 289 F. Supp. 2d at 1045; *Austin*, 232 F.R.D. at 606. The action then proceeds through discovery as a representative or collective action. Though lenient, the "modest factual showing" standard is not a mere formality. *See, e.g., Flores*, 289 F. Supp. 2d at 1045-46 (evidence of defendant's payment practice concerning two out of 50 employees without more did not provide modest factual showing that employer had a common policy or plan to violate the FLSA).

The second step of the analysis occurs at the close of discovery when the defendant can move to dismiss the opt-in plaintiffs in light of the record developed during discovery. *See, e.g., Cameron-Grant*, 347 F.3d at 1243 n.2; *Hunter*, 346 F. Supp. 2d at 117; *Flores*, 289 F. Supp. 2d at 1045. In such a case, the court must determine whether the plaintiffs who have opted into the lawsuit are, in fact, similarly situated to the representative Plaintiffs. *Id*. If the court finds that any of them are not similarly situated to the representative Plaintiffs, they are dismissed from the lawsuit without prejudice. *Id; Kane v. Gage Merchandising Services, Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001).

For now, the Court need not go past step one.  The issue for present purposes is whether Plaintiffs have made a modest factual showing that they and all other Correctional Officers working for Lake County Sheriff's Department were victims of a common policy or plan that violated the law.

Plaintiffs have satisfied their minimal burden at this stage of the proceedings to warrant court-authorized notice.  The three named Plaintiffs each submitted affidavits attesting that: (1) they attended roll call for each of their shifts; (2) they were not paid for the time they spent in roll call; and (3) other Corrections Officers told Plaintiffs that they also were not paid for the time spent in roll call.  Plaintiffs also submitted evidence of the "roll call" policy implemented by the Lake County Sheriff's Department, requiring all Corrections Officers to report to work 15 minutes prior to the scheduled start of their shifts.  Accordingly, the Court finds that Plaintiffs have made a modest factual showing that Defendant has a common policy that violated the FLSA.

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Certify Collective Action Status [DE 13] is **GRANTED**.  The following class will have collective action status:

> Present and former Corrections Officers in the Lake County Sheriff's Department employed by Lake County, who worked for any period of time from October 30, 2003 until the present, and who Lake County failed to pay wages or otherwise compensate for the time he or she spent in "Roll Call."

Furthermore, Defendant is **ORDERED** to produce a list, in electronic format, of all Corrections Officers in the Lake County Sheriff's Department employed by Lake County from October 20, 2003 to the present, including their name, address, telephone number, dates of employment as a

5

Corrections Officer, location of employment, employee number, and date of birth, within ten days of the entry of this Order.

**SO ORDERED.**

Dated: May 24, 2007

                                                s/ Philip P. Simon  
                                                PHILIP P. SIMON, JUDGE  
                                                UNITED STATES DISTRICT COURT