```
                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


DAVID ASHLEY, CHARLES COX,      )
SOLOMON HAYMON, on behalf of    )
themselves and others similarly )
situated,                       )
                                )
            Plaintiffs          )
                                )
       v.                       )   Case No. 2:06 cv 360
                                )
LAKE COUNTY                     )
                                )
            Defendant           )
```

OPINION AND ORDER

This matter is before the court on the Second Motion to Compel Discovery and Motion for Sanctions filed by the plaintiffs on May 9, 2008.  For the reasons set forth below, the motion is **GRANTED.**

Background

The plaintiffs, David Ashley, Charles Cox, and Solomon Haymon, were employed as corrections officers in the Lake County Sheriff's Department. (Compl. ¶ 11) They allege that their employer, Lake County, violated the Fair Labor Standards Act by requiring them to work a period of time for which they were not compensated.  (Compl. ¶¶ 14-17)

During the course of their employment, Lake County allegedly required the plaintiffs to report to work for a "roll call" which took place 15 minutes before their shift was to begin and for which the officers were not paid.  (Compl. ¶ 12)  In their

complaint, the plaintiffs quote the Policies and Procedures Manual for the Lake County Sheriff's Department Corrections Division which notes that a roll call should take place 15 minutes before the scheduled start of the shift for the purpose of taking attendance, informing the officers of the day's directives and/or assignments, and giving the officers a visual inspection.  (Compl. ¶ 13)  Because this "roll call" was mandatory in nature, the plaintiffs argue that it constituted employment for which they should have received payment.  (Compl. ¶ 14)

During the course of discovery, the plaintiffs' counsel sent both interrogatories, numbering 22 and consisting of several subparts, as well as 35 production requests.  (Exh. A, B)  The plaintiffs did not receive timely responses to this discovery and were unsuccessful when they attempted to contact the defendant to obtain responses.  (Mot. to Compel ¶¶ 4-5, Feb. 8, 2008)  Consequently, the plaintiffs filed a Motion to Compel Discovery on February 8, 2008.  The defendant did not respond to this motion, and on March 5, 2008, the court summarily granted the plaintiffs' motion, ordering the defendant to respond to the above stated discovery requests within 10 days.  (Order, Mar. 5, 2007)  The defendant responded to these discovery requests on March 13, 2008.  (Second Mot. to Compel ¶ 3)

The plaintiffs served a second set of production requests and interrogatories on the defendant on February 22, 2008.  (Exh. E, F)  The defendant did not respond to these requests nor did it ask for an extension of time in which to respond.  (Second Mot.

2

to Compel ¶ 4)  Moreover, the plaintiffs alleged that the answers to the first set of interrogatories and responses to the production requests were not complete and lacked sufficient detail. (Second Mot. to Compel ¶ 3)  On April 9, 2008, the plaintiffs' counsel corresponded with the defendant's counsel concerning what the plaintiffs believed were deficient responses.  (Exh. G)  This letter was followed up with an e-mail on April 14, 2008. (Exh. H)  The plaintiffs did not receive a response and sent a second letter on May 2, 2008, which informed the defendant of their intention to bring this matter before the court should they not receive a response. (Exh. I)  The plaintiffs did not receive a response and filed a second Motion to Compel Production on May 9, 2008.

In addition to receiving no response to the second set of requests, the parties dispute the sufficiency of several responses made following the court's first order compelling production. Specifically, the plaintiffs state that documents provided in response to a request for the plaintiffs' employment data, such as dates of employment, titles, and supervisors, do not contain this information. The plaintiffs allege that naming only one individual in response to an interrogatory that asked for the defendant to name every person with knowledge of the circumstances implicated by the claims and defenses was insufficient. Further, the defendant listed a series of affirmative defenses and, when asked for factual support, merely pointed to its own

production of a Standard Operating Procedures Manual and collective bargaining agreement.

The plaintiffs now seek an order compelling amended answers from the first set of interrogatories, the answers to the second set of interrogatories, the omitted items from the first set of production requests, and the items from the second production request. Furthermore, the plaintiffs argue that Lake County's objections were waived due to their failure to be raised in a timely manner. Also, the plaintiffs seek sanctions.

## Discussion

At the start of a lawsuit, a party has a duty to disclose any documents it will use to support its claims or defenses unless used only for impeachment. Federal Rule of Civil Procedure 26(a)(1)(B). Furthermore, a party has the right to ongoing discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Rule 26(b)(1); *Meyer v. Southern Pacific Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001)("The courts commonly look unfavorably upon significant restrictions placed upon the discovery process."). While amendments to Rule 26 have narrowed the definition of "relevant material" from anything related to "the subject matter involved in the pending action" to that which is related to "claims or defenses," broad discovery continues to be the norm. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 498-500 (S.D. Ind. 2003)("The difference between the two rules could be ascertained by applying the principles in Rule 26(b)(2), thus concluding that

4

there is no real fundamental difference between the current and previous versions."). Thus, the federal rules allow for relevancy in discovery to include information that might not be admissible "if the discovery appears reasonably calculated to lead to discovery of admissible evidence." Rule 26(b)(1). *See also* ***Davis v. Precoat Metals***, 2002 WL 1759828, *1 (N.D. Ill. 2002); ***Chavez v. Daimler Chrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002).

Along with this broad duty to disclose information comes an obligation to supplement such disclosures and responses periodically if the information has not already been made known to the opposing party. Rule 26(e)(1), (2); ***Gutierrez v. AT&T Broadband, LLC***, 382 F.3d 725, 733 (7th Cir. 2004). An order compelling disclosure and sanctions is proper if the party in question has failed either to respond or has responded with evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(3)-(4).

Because the purpose of discovery is the exchange of information which will allow for a more expeditious and cost effective court proceeding, courts have encouraged the use of interrogatories and document production as an initial means of procuring needed information. *See* ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 1007) ("The plaintiff had failed to submit interrogatories, that is an inexpensive, convenient, less-burdensome method of discovery."). Furthermore, the parties should attempt to work out discovery issues themselves before involving the court. Rule 37(a)(5)(A)(i). *See also* ***Sayno***, 214 F.R.D. at

5

500 ("When confronted with a difficult scope of discovery dispute, the parties themselves should confer, and discuss the Rule 26(b)(2) factors, in an effort to reach an acceptable compromise, or narrow the scope of their disagreement.").

In this case, Lake County has failed to meet the minimum standard for cooperating in discovery required under the federal and local rules.  Moreover, the defendant again failed to respond to a subsequent set of interrogatories and production requests and, with respect to court ordered responses to the first discovery requests, provided incomplete responses.

For example, with Interrogatory 6, the defendant gave the name and address of one person who might be able to answer the question but, without making an objection, failed to give the full scope of information requested. In addition, the court agrees that it is not likely Lake County was aware of only a single individual with knowledge of the circumstances surrounding the claims and defenses raised by this matter.  The same can be said for Interrogatory 8, which sought information regarding past FLSA claims. The defendant referenced one case and a number, but gave none of the additional information requested.

Likewise, in response to the interrogatories seeking information concerning the affirmative defenses - Interrogatories 14 through 19 - the defendant offered nothing more than the same general reference to a Standard Operating Procedure manual and collective bargaining agreement. This response is equivalent to a complete failure to respond. *See **In re Sulfuric Acid Antitrust***

6

*Litig.*, 231 F.R.D. 351, 366 (N.D. Ill. 2005) (*quoting* ***Magarl, LLC v. Crane Co.***, 2004 WL 2750252 at *7 (S.D. Ind. Sept. 29, 2004) (noting that an interrogatory answer "must be responsive to the question. It should be complete in itself and should not refer . . . to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.").

Furthermore, as the plaintiffs correctly point out, the defendant did not submit its answers in accordance with Local Rule 26.1(a) which requires the interrogatory to be quoted above its respective response with the numbers corresponding. While this omission may be, as Lake County characterizes it, "a technical deficiency," in conjunction with the numerous deficiencies, it bolsters the argument that the defendant's responses were inadequate and vague and, thus, constitute no responses at all. Moreover, in turning to the production requests and second set of interrogatories, it is undisputed that certain materials and responses were not furnished by the defendant, despite previous instructions by the court to do so.  These materials include the personnel files which purportedly covered several areas of information inquired into by the plaintiffs, and in which production was not objected to by the defendant.

Along with the deficiencies noted above, the plaintiffs also assert that, because they were not raised in a timely manner, all of Lake County's objections to interrogatories have been waived.

7

When a party objects to a discovery request, it is its burden to show why the request is improper. *Meyer,* 199 F.R.D. at 612. In evaluating such a dispute, the court should independently and objectively weigh the opposing arguments and the "totality of the circumstances, weighing the value of material sought against the burden of providing it," but ultimately, "district courts have broad discretion in matters relating to discovery." *Berning*, 242 F.R.D. at 512 (*quoting* *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). In respect to timing requirements, Federal Rule of Civil Procedure 33(b)(2) clearly notes that answers and objections must be served within 30 days of their receipt unless otherwise agreed or ordered by the court. Moreover, courts uniformly have held that an objection which is not timely filed, and for which the delay does not have good cause, may be waived. *Autotech Technologies LP v. Automation-direct.com, Inc.,* 236 F.R.D. 396, 398 n.2 (N.D. Ill. 2006). Waiver is more commonly found when a party, after providing a response or more generalized objection, subsequently attempts either to invoke a privilege or to make another objection in order to delay the proceedings. *Safeco Insurance Company of America v. Rawstrom,* 183 F.R.D. 668, 671-72 (C.D. Cal. 1998)("The better rule is that interrogatory objections not included in a timely response are waived even if the objections are contained in a later untimely response, absent a showing of good cause").

In this case, the only objections were tendered after the first order to produce discovery materials and, thus, after the

Rule 33 deadline.  Therefore, the defendant, in filing its answers late, waived its right to object to the questions. Further, even absent waiver, Lake County's objections are insufficient. For instance, in response to an interrogatory seeking the identity and information regarding individuals with whom the defendant has discussed the claims and defenses, Lake County claimed that responding would be "impossible, over-broad, and unbearable." (Resp. p. 3) However, Lake County did not provide any support for this contention.  *See* ***Loubser v. Pala***, 2007 WL 3232136 at *3 (N.D. Ind. Oct. 29, 2007) (*quoting* ***Burkybile v. Mitsubishi Motors Corp***., 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006)(noting that an objection must reach beyond the "reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.").

In determining the appropriate remedy in a situation in which a party does not comply with a motion to compel, Rule 37(b)(2)(C) instructs that "the court *shall* require the party failing to obey the order or the attorney advising that party or both" to pay reasonable expenses and attorney's fees unless the failure was "substantially justified." ***Muzikowski v. Paramount Pictures Corp.,*** 477 F.3d 899, 909 (7th Cir. 2007).  In addition, such discovery violations could result in a dismissal or default judgment under Rule 37 or "under the inherent authority of the district court." ***Greviskes v. Universities Research Ass'n, Inc.,***

9

417 F.3d 752, 758-59 (7th Cir. 2005). Even in the absence of a previous motion to compel, a party who either fails to disclose information as required by Rule 26(c) or improperly discloses information still can be sanctioned unless such failure was "harmless." *Musser v. Gentiva Health Services,* 356 F.3d 751, 755 (7th Cir. 2004). In order to levy as harsh a sanction as dismissal, however, the court must "at least make a finding of 'willfulness, bad faith or fault,'" which may be inferred from the sanction order itself. *Sharpe v. Village of Fox Lake*, 176 Fed.Appx. 694, 697 (7th Cir. 2006). *See e.g., Maynard v. Nygren,* 332 F.3d 462, 467-68 (7th Cir. 2003); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 909 (7th Cir. 2003). In making its decision, the court must be fair and act in the interest of justice. *See Insurance Corp. of Ireland v. Compagne de Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982). This is particularly true when making a decision to grant default judgment, an action which the Supreme Court has termed as "extreme." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)("The extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities.").

Lake County has offered nothing to rebut the presumption that a sanction of reasonable expenses and fees is warranted. If

this was the first time that the court had to resolve a discovery dispute, then this might be, as the defendant contends, an understandable mistake, "miscommunication," or oversight.  However, this court already has been forced to issue an order which resulted in responses that were incomplete.  The entry of default judgment is not appropriate at this time, but Lake County is **WARNED** that this sanction will be imposed for any future discovery abuses.

_____

For the foregoing reasons, the Second Motion to Compel Discovery and Motion for Sanctions filed by the plaintiffs on May 9, 2008, is **GRANTED.**  The defendant shall re-submit and properly format its responses to any and all interrogatories and to copy and produce the personnel files, as well as any other requested materials not yet produced, within 20 days of the entry of this order. The defendant's objections are deemed waived.  The plaintiffs are **DIRECTED** to submit an affidavit detailing the reasonable expenses incurred in securing discovery. The stay ordered on June 19, 2008, is **LIFTED.** The status conference set for August 1, 2008 is **REAFFIRMED.**

ENTERED this 29th day of July, 2008

s/ ANDREW P. RODOVICH
United States Magistrate Judge

11